Mr. Randy Ludacer County Attorney, Monroe County County Attorney's Office 310 Fleming Street, Room 29 Key West, Florida 33040
Dear Mr. Ludacer:
You ask substantially the following questions:
1) Does membership on a planning commission which hears appeals and makes decisions which are final unless appealed to the county commission constitute an office for purposes of s. 5(a), Art. II, State Const.? 2) Do the provisions of s. 112.3145(1)(a)2., F.S., stating that a governmental body with land planning and zoning responsibilities is not an advisory body mean that a planning commission which possesses advisory powers only cannot constitute an advisory body for purposes of s. 5(a), Art. II, State Const.?
In sum, I am of the opinion that:
1) Membership on a planning commission which hears appeals and makes decisions which are final unless appealed to the county commission is not a statutory body possessing only advisory powers and constitutes an office for purposes of s. 5(a), Art. II, State Const. 2) Section 112.3145(1)(a)2., F.S., does not preclude a planning commission possessing only advisory powers from being exempt from the dual officeholding prohibition contained in s. 5(a), Art. II, State Const., as a "statutory body having only advisory powers."
Question One
Section 5(a), Art. II, State Const., provides in part:
No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that . . . any officer may be a member of a . . . statutory body having only advisory powers. (e.s.)
This office has previously concluded that a planning commission established pursuant to Part II, Ch. 163, F.S. 1973, and possessing only those powers contemplated by that part was a "statutory body having only advisory powers."[1] Such a commission was, therefore, exempt from the constitutional dual officeholding prohibition.
In reaching this conclusion, this office stated that the primary function of the commission was to prepare and adopt a comprehensive plan for future development within the county. The plan, however, would become effective only upon further adoption by a majority of the county commission. This office noted that the exercise of sovereign powers such as hearing appeals and special exceptions was reserved by Part II, Ch. 163, F.S. 1973, for the governing bodies involved and the boards of adjustments created by them.
In contrast, the planning and zoning commission considered in AGO 89-25, possessed the authority to grant variances without review by the county commission. While the duties of the commis-sion were predominately advisory in nature, the commission had been granted the authority to give final approval to zoning variances without review by the board of county commissioners. The commission, therefore, exercised some nonadvisory powers. As stated in AGO 89-25, s. 5(a), Art. II, State Const., "does not provide for or recognize an exception for statutory bodies whose duties are substantially or predominately advisory." Thus, this office concluded a member of the city council was prohibited by s. 5(a), Art. II, State Const., from simultaneously serving on the planning and zoning commission.
According to your letter, the Monroe County Planning Commission is responsible for making decisions which become final unless appealed to the county commission in several areas.[2] For example, s. 9.5-521(a), Art. XII, of the Monroe County Code, provides:
The planning commission shall have the authority to hear and decide appeals from any decision, determination or interpretation by any administrative official with respect to the provisions of this chapter and the standards and procedures hereinafter set forth, except that the board of county commissioners shall hear and decide appeals from administrative actions regarding the floodplain management provisions of this chapter.
The decision of the planning commission becomes final if not appealed to the county commission within 20 days.[3] Thus, the planning commission has been granted decision-making authority which is not reviewed or approved by the county commission in the absence of an appeal.
Accordingly, I am of the opinion that the planning commission, possessing the authority to take final action in the absence of an appeal to the county commission, is not a statutory body possessing only advisory powers. Membership on such a planning and zoning commission would, therefore, constitute an office for purposes of s. 5(a), Art. II, State Const.
Question Two
Section 112.3145(1)(a)2., F.S., defines the term "local officer" to mean:
Any appointed member of a board; commission; authority, . . . community college district board of trustees; or council of any political subdivision of the state, excluding any member of an advisory body. A governmental body with land-planning, zoning, or natural resources responsibilities shall not be considered an advisory body. (e.s.)
You ask whether the above definition requires any planning commission, regardless of its powers, to be considered an "office" for purposes of s. 5(a), Art. II, State Const.
Initially, I must note that the interpretation of Part III, Ch.112, F.S., the Code of Ethics for Public Officers and Employees, of which s. 112.3145, F.S., is a part, rests with the Florida Commission on Ethics.[4] The commission, in considering the above definition has, for example, concluded that members of a citizens advisory committee established to assist the county planning commission were officers for purposes of financial disclosure.[5]
Section 112.3145, F.S., however, in defining the term "local officer" expressly states that such definition is for purposes of that section which relates to financial disclosure.[6] There is no evidence that the definition contained therein was intended to comprehensively define the term for other statutes or the Constitution.
As discussed supra, this office has previously stated that a planning commission possessing only advisory powers is a "statutory body having advisory powers" for purposes of the constitutional dual officeholding prohibition.[7] Moreover, as this office stated in AGO 89-25, the opinions of this office interpreting s. 5(a), Art. II, State Const., and the opinions of the Commission on Ethics interpreting s. 112.3145, F.S., are not in conflict inasmuch as they are interpreting different provisions of state law.
Accordingly, I am of the opinion that the definition of "local officer" in s. 112.3145(1)(a)2., F.S., does not preclude an advisory planning commission from falling within the exemption for statutory bodies having only advisory powers contained in s. 5(a), Art. II, State Const.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, AGO 74-232.
[2] You refer to the areas of variances, hearing appeals from determination of administrative officials with respect to the county's land development regulations and sign code, and minor conditional uses.
[3] Section 9.5-521(f), Art. XII, Monroe County Code.
[4] See, s. 112.322(3), F.S., authorizing the commission to render advisory opinions to public officers or employees regarding the applicability of the code to the officer or employee in a particular context.
[5] See, CEO 76-156.
[6] See, s. 112.3145(1), providing in part that "[f]or purposes of this section, unless the context otherwise requires, the term: (a) `Local officer' means . . . ."